M’Girk, C. J.,
delivered the opinion of the Court.
This was an indictment, containing two counts, on the statute respecting crimes and misdemeanors. The first count is on the 87th section, which says, that if any person shall set up or keep any table or tables, commonly called A. B. C., Faro, E. O., Roulette, Equality, or any other kind of gaming table, at which any game of chance shall be played, for property or money, and induce or permit any person or persons to bet against said bank, such person, on conviction, shall be punished, be. The indictment on this suit charges, that Lowry did set up a certain common gambling table, commonly called Loto, at which a certain game of chance was played, for money, contrary to the form of the statute, &c. The 89th section says, that if any person or persons shall suffer any of the gambling tables above enumerated, or other gaming table or gambling device, at which any game of chance is played, or any money or property, won or lost, to be set up or used in his or her house, &c., of which ho or they at the time hath the possession, or use, such person shall suffer, &c.
The count in the indictment, on this section, charges in the words of the statute, that the defendant did set up in his house, a certain gambling device, called Loto, at which a game of chance was played for money, and that said defendant did then and there suffer and permit said game to be played as aforesaid. The Court instructed the jury, that the game of Loto was within both sections of the statute, and the jury found the defendant guilty on both counts, and the Court gave judgment on both counts; the judgment is entire, and the sections each provide different punishments. The defendant brought the cause here, and seeks to reverse the judgment, on the gjound, that the game of Loto is not within the act of the General Assembly.
It is objected, that the indictment should describe the game of Loto, in such manner, that the Court can see, from the face of the indictment, if it is a game of chance. We cannot sustain this objection. The first count charges, that a gaming table, called Loto, was set up, and that a game of chance was played thereon. The allegation, that a game of chance was played thereon, is enough; and if, on the trial, it should appear, that it was not a game of chance, the defendant can call for instruction, and avail himself in that way. What a game at Loto is, appears by the bill of exceptions; and we have no hesitation in declaring, it is a game of chance. The first count charges it to be performed at a table, forbidden by the 87th section. This section forbids the setting up and the keeping of certain gambling tables,at which games of chance are to be played for money. This Loto is not one of the gambling table* enumerated, but it is contended by the prosecuting Attorney, that it is embraced under the general word, or any other kind of garning table or tables. It would be difficult to say, what shall he embraced within these general words, and what shall be *519 'excluded. “Gambling table” has no definite meaning; but we cannot imagine'that this gambling device called Loto, is a gambling table of arty kind ; it appears by the bill of exceptions, to be a lottery, in its principles, and we think it badly described as a gambling table. The first count is also defective in this, that it does not alledge that any person Was induced or permitted by the setter up or keeper, to play a game of chance thereon, which, according to our view, is necessary to constitute the offence.
We will now proceed to examine the offence charged in the second count. The charge is, that Lowry did suffer a gambling device to be set up and used in his house, at which a game of chance, called Loto, was played for money. The offence is well charged, and the objection is, that the words, other gambling devices, is too general in its terms, to create any olfence. This 89th section forbids any person having a house, to suffer any of the enumerated tables in the 87th section, to he set up and used for gambling; and there forbids, in these words, or other gaming tables or gambling device, at which any game of chance was played, or money won or lost, to he set up or used.
It is not necessary now to inquire any further than to see if this Loto is a gambling device. The thing forbid by these general words, is, playing at games of chance, for money, and also, keeping or using in one’s house, the device, and suffering a game of chance to he played (hereon, for money. It is agreed, that this sort of construction would forbid the keeping in one’s house, devices, at which games of chance may he played, and which are kept for amusement and pastime. It is true, that the statute might hear this construction. If money is won or lost, on a game played in that situation, the consequence is, that all devices, at which games of chance can he played, are forbidden to be kept for gambling purposes. A man may keep a gambling device, and permit games of chance to be played thereon, hut not for money or property. It is said, that in this way of understanding the statute, if a person should treat his friends to a game at cards, and if they should play for money, without his knowledge, he would incur the penalty of the 89lh section. We think otherwise. The act says, if any person shall suffer to be used in his house, any device, at which a game of chance is played, or property or money is won or lostj (or) the word between played and. property, must he understood as (one,) and then the statute will read, that the device must he used at games of chance, and that there must be a betting, and a winning and loosing.
In this view of the subject, the second count is good, hut the judgment must he reversed, for the defect in the first count; and this Court, proceeding to give such judgment as the Court below ought to have given, order a fine of $50 against Lowry-